HENRY N. GIRARD *vs.* ADA L. SAWYER, *Adm'x.*

APRIL 28, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an appeal from a decree of the probate court of North Kingstown granting the petition of the administratrix of the estate of Alice L. Girard for permission to compromise a claim that had been filed against it by one James C. Davis. The appeal therefrom was claimed by Henry N. Girard and was tried before a jury in the superior court. After a verdict was rendered, granting the petition of the appellee and thus approving the decree of the probate court, the trial justice heard and granted the appellant's motion for a new trial. The case is before us upon the appellee's bill of exceptions to that ruling and to other rulings in the case.

The decree in question was entered in the probate court of the town of North Kingstown on August 14, 1939, and the appeal therefrom was filed in the superior court on September 28, 1939. Henry N. Girard, hereinafter referred to as the appellant, was the husband of Alice L. Girard, who died testate. Ada L. Sawyer, hereinafter referred to as the appellee, was the duly appointed and qualified administratrix *d.b.n.c.t.a.* of the estate of Alice L. Girard. The latter's will was duly probated in the above-mentioned town and by its terms expressly made no provision for her husband, the appellant, either by way of legacy or devise. No issue was ever born of their marriage. The appellant, however, filed a claim against the estate in the sum of $10,000 based upon a demand promissory note allegedly made by the testatrix. This claim was disallowed by the administratrix and the appellant thereupon brought an action in the superior court to recover upon it.

While that case was pending, and apparently in furtherance of negotiations looking toward its settlement, the appellee filed her petition in the probate court for permission to compromise the appellant's claim by payment to him of $750. The appellant was fully informed of this petition and its terms, and of its granting by the probate court. Sub-

sequently, and before any actual payment was made in settlement of such claim, the appellant's attorney sought to obtain from the appellee, in addition to payment of $750 as authorized, a general release of all claims of the estate against the claimant. This request was refused by the appellee and it is not denied that specific notice of such refusal was given by her attorney to the attorney for the appellant.

Shortly thereafter, the negotiations for final settlement of this claim were completed. The appellee, pursuant to such negotiations and to the permission expressly granted by the probate court, paid to the appellant, through his attorney, the sum of $750 and received from him the delivery of the note, on which the appellant's claim was based; and also received a general release, executed by the appellant, of all his claims against said estate and said appellee as administratrix thereof. At the same time the action, which had been commenced in the superior court by the appellant to recover on his previously disallowed claim, was then terminated by the filing in that case of a stipulation of settlement, signed by the attorneys of record for the respective parties.

About a month later the appellee sought permission of the probate court to compromise the claim of the aforesaid James C. Davis, which also had been filed against the estate, and this petition was advertised. Four days before the hearing thereon in August 1939 the appellant filed in this court a petition, under general laws 1938, chapter 535, § 4, asking for a trial of the action which he had brought to recover upon his own claim in the superior court, on the ground that its settlement had been made through accident, mistake, or unforeseen cause. Such petition was denied on December 22, 1939. *Girard* v. *Sawyer*, 64 R. I. 48, 9 A. 2d. 854. No other proceeding of any kind had been instituted by the appellant, either before or after that decision, to

set aside the recorded settlement and determination of his aforesaid action in the superior court.

The appellant, however, claiming that he was an interested party in the estate and was aggrieved by the decree of the probate court granting the appellee's petition to compromise the *Davis* claim, filed an appeal from that decree. That appeal was tried in the superior court to a jury and resulted in a verdict granting the appellee's petition to compromise the *Davis* claim. After a hearing, the appellant's motion for a new trial was subsequently granted by the trial justice, and the case is now before us on the appellee's exceptions.

The appellee has waived all but three of her exceptions and these are, first, to the denial of her motion to dismiss the appellant's appeal; second, to the denial of her motion for a directed verdict; and third, to the granting of the appellant's motion for a new trial.

Under this first above-stated exception, the decisive question is whether the appellant was a "person aggrieved" by the decree in question, within the meaning of those terms in G. L. 1938, chap. 573, § 1. The pertinent part thereof reads as follows: "Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established, by taking the following procedure . . . ."

Under this statute, an aggrieved party has been held to be one who is aggrieved by the judgment or decree when it operates on his rights of property, or bears directly upon his interest; and further that the word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. *Bowles* v. *Dannin,* 62 R. I. 36, 2 A. 2d. 892; *Tillinghast* v. *Brown University,* 24 R. I. 179. Moreover, in *Hall*

v. *Burgess,* 40 R. I. 314, the court added to such interpretation of the statute the further statement that "a person to be aggrieved must be one who has an actual and practical, as distinguished from a mere theoretical, interest in the controversy." To a similar effect see also *McKenna* v. *McKenna,* 29 R. I. 224.

Applying this rule of law to the instant case, we are of the opinion that the appellant was not a person aggrieved, in the sense contemplated by this statute, at the time he filed his claim of appeal. At that time he admittedly had no rights or interest of any kind under the terms of his wife's will; and he could have had no possible curtesy rights in her property. He contended, however, that he was still a creditor of the estate by virtue of his claim as filed, coupled with the alleged failure by the appellee to deliver to him a general release of all claims by the estate against him, which he asserted was part of the understanding through which he authorized settlement of the action which he had brought in the superior court.

Against this mere assertion of an alleged interest as a creditor of the estate, the records of the probate court and of the superior court showed without question that the appellee's petition to compromise appellant's claim was limited to the payment of $750; that the decree of the probate court expressly authorized the appellee to compromise and settle appellant's claim by payment to him of such sum and no more; that knowing fully these facts and after the appellee's specific refusal to include, in the proposed settlement, any general release of all claims by the estate against him, the appellant nevertheless had received and accepted payment of the $750, as authorized, and had thereupon delivered up to appellee the promissory note, which was the basis of his claim, and also his general release of that claim to the estate; that appellant admittedly had authorized his attorney to file, in the case then pending in the superior court, the settle-

ment stipulation which determined that action; and that no action of any kind had been taken, except as hereinafter discussed, to set aside the settlement of and to reinstate the former action for trial.

It is true that the appellant had filed his petition in this court seeking to obtain the relief authorized in restricted cases as specified under G. L. 1938, chap. 535, § 4. That petition, however, was denied by us on December 22, 1939. *Girard* v. *Sawyer, supra.* No other proceeding of any kind was ever taken to attack directly the settlement and determination of the case in the superior court. Therefore, when that court's jurisdiction in the instant case was challenged in February 1940 by the appellee's motion to dismiss the appeal in question, there was nothing in the record to support the appellant's mere assertion, made as it was in a wholly different proceeding, that his own case in that court was not determined and that he still had an interest in the estate as a creditor. On the contrary, there was before the court the unimpeached records of two courts showing that the appellant's sole claim as filed against the estate had been compromised, satisfied, and settled of record by payment as authorized by the probate court and as received by the appellant.

Unless and until such settlement were set aside, in some proper proceeding brought for that purpose—which apparently had not been attempted even after the filing of our opinion in *Girard* v. *Sawyer, supra,*—we think that the determination of the case by a settlement stipulation, the filing of which was authorized by the appellant, was controlling upon the superior court over any mere assertion by him to the contrary, particularly when it was made in a different proceeding that did not directly seek to set aside such settlement.

Upon such a record we think that the appellant was not a creditor with any such right or substantial and actual inter-

est in the remaining administration of the estate as would make him, in contemplation of the statute, an interested person who was aggrieved by the decree in question. In our opinion the trial justice erred in denying the appellee's motion to dismiss the appellant's appeal from the decree entered August 14, 1939 in the probate court of North Kingstown. In view of this ruling, it becomes unnecessary to consider the other exceptions.

The appellee's first exception is sustained and the case is remitted to the superior court with direction to enter a final decree dismissing the appeal involved in this case and affirming said decree entered August 14, 1939 in the probate court of North Kingstown.

*Edward M. Sullivan, John J. Sullivan,* for appellant.

*Perkins, Higgins & McCabe, James A. Higgins,* for appellee.